UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CAROLINA FIRST BANK,**

    Plaintiff,

v.                                                              Case No.: 5:09-cv-195-RS-EMT

**CHRISTOPHER J. PAPE, et al.,**

    Defendants.

_____

# DEFAULT JUDGMENT

Before me is Plaintiff's Motion for Entry of Default Judgment (Doc. 58). The Court finds as follows:

1.    The defendants against whom a default judgment is sought—Kropp Holdings, Inc. ("Kropp Holdings"), SheltAir Panama City, LLC d/b/a SheltAir Aviation Services ("SheltAir"), Odenbrett Pilot Services ("Odenbrett"), and Brandis Aircraft—have been duly and regularly served, and the Court has jurisdiction over the parties and the subject matter of this action.

2.    The clerk of court entered defaults against the following defendants:

| **Defendant** | **Entry of clerk's default** |
|---|---|
| Brandis Aircraft | January 27, 2012 (Doc. 50) |
| Kropp Holdings | January 27, 2012 (Doc. 50) |

SheltAir										February 24, 2012 (Doc. 54)

Odenbrett									March 1, 2012 (Doc. 56)

3. By virtue of these defaults, these defendants admit the well-pleaded factual allegations in Carolina First's Amended Complaint.  *See Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F.Supp.2d 1213, 1217 (S.D. Fla. 2004).

4. Pursuant to the allegations in the Amended Complaint, the interests of Kropp Holdings, SheltAir, Odenbrett, and Brandis Aircraft are junior and inferior to Carolina First's interest in the Aircraft and the Engines.  (Doc. 43, ¶21)  These Defendants' defaults admit Carolina First's allegations in this regard.

5. The sole remedy of an omitted junior lienholder in a re-foreclosure action is a right to redeem the encumbered property from the senior lienholder. *Quinn Plumbing Co. v. New Miami Shores Corp.*, 129 So. 690, 692 (Fla. 1930).

> [W]hen a first mortgage has been foreclosed in a suit to which a junior mortgagee, through inadvertence, was not made a party, a purchaser in possession under the sale may maintain a suit to compel the junior mortgagee to exercise his right of redemption within a reasonable time, just as he could have been compelled to exercise it in the original foreclosure had he been made a party thereto, in default of which the right of redemption of the second mortgagee may be foreclosed and barred.

*Quinn,* at 692.  The procedure is a foreclosure *de novo* against the omitted junior lienholder.  *Id*. at 693.  In a foreclosure *de novo* of an omitted junior lienholder, the junior lienholder "redeems from the mortgage, not from the foreclosure sale to which he was not a party." *Quinn*, at 693.  Stated otherwise, an omitted junior

lienholder merely has the right to "satisfy a prior mortgage by payment of the debt it secures." *Islamorada Bank v. Rodriguez*, 452 So.2d 61, 63 (Fla. 3d DCA 1984). The amount which a junior lienholder must pay to redeem is that amount that he or she would have been required to pay had he or she elected to redeem promptly upon the filing of the foreclosure complaint. *Tejedo v. Sec'y of Veterans Affairs*, 673 So.2d 959, 960 (Fla. 3d DCA 1996).

6. By virtue of the defaulting defendants' failure to answer or otherwise respond to Carolina First's Amended Complaint, these defendants have waived and relinquished their rights, if any, to redeem the Aircraft and the Engines from Carolina First. Had these defendants wished to exercise their right to redeem the Aircraft and the Engines from Carolina First as junior lienholders, they were obligated, as a matter of law, to assert their rights in these proceedings. Absent a response to the Amended Complaint after proper service, it is appropriate for this Court to extinguish any and all rights that the defaulting defendants have related to the Aircraft and the Engines.

**IT IS ORDERED** that a default judgment is entered against Kropp Holdings, SheltAir, Odenbrett, and Brandis Aircraft in favor of Carolina First. The entry of this default judgment bars, discharges, forecloses and extinguishes any and all of these Defendants' right, title, and interest in the

Aircraft and the Engines that have been or might be asserted under the following recorded and unrecorded liens or claims:

    i.    Claimant:    Kropp Holdings, Inc.
        Document:    Claim of Lien
        Dated:    6/15/2006
        Date Recorded w/ FAA:    [illegible]
        Amount:    $3,913.88
        FAA Doc. #:    CC021625

    ii.    Claimant:    SheltAir Aviation Services, PFN
        Document:    Claim of Lien
        Dated:    10/28/08
        Date Recorded w/FAA.:    11/14/2008
        Amount:    $16,492.81
        FAA Doc. #:    AM001733

    iii.    Claimant:    Odenbrett Pilot Services
        Document:    Mechanic's or Materialman's Lien Statement
        Dated:    6/16/09
        Date Recorded w/FAA:    7/6/2009
        Amount:    $2,324.00
        FAA Doc. #:    NW002335

    iv.    Claimant:    Brandis Aircraft
        Document:    Claim of Lien
        Dated:    Unknown (date of last services was October 3, 2004)
        Date Recorded w/FAA:    Not recorded (rejected for recording by FAA as untimely)
        Amount:    Unknown
        FAA Doc. #:    Not applicable (rejected by FAA).
        *Note:* Claim of Lien filed with FAA on February 24, 2004, and re-filed on June 6, 2004, as microfilm numbers 1825 and 2331, respectively; FAA refused to record these documents.

5

**ORDERED** on March 29, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**